UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STAFON EDWARD THOMPSON, | Case No. 13-CV-1524 (PJS/JJK) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| TOM ROY, Minnesota Commissioner of Corrections, | |
| Respondent. | |

Bridget K. Sabo, OFFICE OF MINNESOTA APPELLATE PUBLIC DEFENDER, for petitioner.

J. Michael Richardson and Jean E. Burdorf, HENNEPIN COUNTY ATTORNEY'S OFFICE, for respondent.

Petitioner Stafon Edward Thompson was convicted after a jury trial in Minnesota state court of two counts of first-degree premeditated murder and two counts of first-degree murder while committing aggravated robbery. At the time that Thompson was convicted, Minnesota law mandated the imposition of life imprisonment without possibility of parole for any person who "causes the death of a human being with premeditation and with intent to effect the death of the person or of another . . . ." Minn. Stat. § 609.185(a)(1). Accordingly, Thompson was sentenced to two consecutive terms of imprisonment for life without the possibility of parole. The Minnesota Supreme Court affirmed Thompson's conviction and sentence on direct appeal. *See State v. Thompson*, 788 N.W.2d 485 (Minn. 2010).

In 2012, the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012). Thompson was a juvenile at the

time that he committed murder. He therefore argues that his sentence of life imprisonment without parole was imposed in violation of the Eighth Amendment, and he petitions the Court pursuant to 28 U.S.C. § 2254 for relief from that sentence.

This matter is before the Court on Thompson's objection to the December 19, 2013 Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes.[1] The R&R finds that *Miller* does not apply to sentences that became final prior to that decision, and therefore recommends that Thompson's petition be dismissed. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Thompson's objection and adopts Judge Keyes's careful and thorough R&R.

Like the vast majority of courts to have considered the issue, the Court agrees with the R&R that *Miller* established a new rule of constitutional law. *See* R&R at 19-20. The question over which courts have divided is whether that new rule is procedural or substantive. If it is substantive, then it applies retroactively. If it is procedural, then it does not (unless it is a "watershed rule[] of criminal procedure," *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (quotation omitted), which every court to have considered the issue has found it is not).

Although the issue is close, the Court finds, for the reasons stated in the R&R, that the new rule announced in *Miller* is procedural, not substantive. New substantive rules include those "that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004)

---

[1] Although dated December 18, 2013, the R&R was not entered on CM/ECF until the following day.

(citations omitted).  The rule announced in *Miller* does none of those things; the scope of a criminal statute was not narrowed, the government was not constitutionally prohibited from punishing the actions (premeditated murder) that led to Thompson's conviction, and the government was not constitutionally prohibited from punishing offenders such as Thompson (juveniles) who take those actions.

Moreover, Thompson does not "face[] a punishment that the law cannot impose upon him." *Id*. at 352.  As *Miller* itself explained, *Miller* "does not categorically bar a penalty for a class of offenders or type of crime . . . .  Instead, it mandates only that a sentencer follow a certain *process* . . . before imposing a particular penalty." *Miller*, 132 S. Ct. at 2471 (emphasis added).  A mandatory sentence of life imprisonment without parole does not, as Thompson argues, differ in substance from a discretionary sentence of life imprisonment without parole.  A defendant who receives the former sentence is punished in precisely the same way as a defendant who receives the latter sentence:  Both defendants spend the rest of their lives in prison.  No one would say that one defendant received greater or lesser punishment than the other defendant.  The only difference between the defendants is, in *Miller*'s words, the "*process*" that the sentencing court employed "before imposing [the] particular penalty." *Id*. (emphasis added).

After *Miller*, as before *Miller*, the government may impose a sentence of life imprisonment without parole on a juvenile who commits murder.  Now, however, such a sentence cannot be imposed without the additional requirement that the sentencing authority consider alternative punishments in light of the offender's youth and attendant characteristics.  This requirement is ultimately procedural; the process by which the government is permitted to impose sentences of life imprisonment without parole has been changed by *Miller*, but the

government's authority to impose such sentences has not.  The Court therefore finds that the new rule established by *Miller* is procedural.  Finally, because the Court agrees with the R&R — and with every other court that has addressed the issue — that the new rule is not a watershed rule of criminal procedure, the new rule does not apply retroactively.

Without question, the issue presented by Thompson's petition is one that is "'debatable among reasonable jurists.'"[2] R&R at 25 (quoting *Martin v. Symmes*, Case No. 10-CV-4753 (SRN/TNL), 2013 WL 5653447, at *15 n.15 (D. Minn. Oct. 15, 2013)).  Accordingly, the Court grants Thompson a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) on the question of whether the new rule established in *Miller* applies retroactively.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the December 19, 2013 R&R [ECF No. 13] and OVERRULES the objection of petitioner Stafon Edward Thompson [ECF No. 14].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Thompson's petition for relief pursuant to 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE AND ON THE MERITS.

---

[2]*Compare In re Morgan*, 713 F.3d 1365, 1367 (11th Cir. 2013) (concluding that "the decision in *Miller* has not been made retroactive on collateral review"), *and Craig v. Cain*, No. 12-30035, 2013 WL 69128, at *1-2 (5th Cir. Jan. 4, 2013) (same), *and State v. Tate*, 130 So.3d 829, 841 (La. 2013) (finding that "defendants are not entitled to the retroactive benefit of the *Miller* rule in post-conviction proceedings"), *and Chambers v. State*, 831 N.W.2d 311, 331 (Minn. 2013) (same), *and Commonwealth v. Cunningham*, 81 A.3d 1, 11 (Pa. 2013) (same), *with State v. Ragland*, 836 N.W.2d 107, 117 (Iowa 2013) (finding that *Miller* applies retroactively), *and Jones v. State*, 122 So.3d 698, 703 (Miss. 2013) (same), *and State v. Mantich*, 842 N.W.2d 716, 731 (Neb. 2014) (same), *and Ex parte Maxwell*, No. AP-76964, 2014 WL 941675, at *4-5 (Tex. Crim. App. Mar. 12, 2014) (same).

2.  Thompson is GRANTED a certificate of appealability as to the issue raised in his petition.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 25, 2014              s/Patrick J. Schiltz
                                                             Patrick J. Schiltz
                                                             United States District Judge